22 C. C. P. A. (Patents)

**E. I. RUNNER CO., Inc., v. W. F. YOUNG, Inc.**

**Patent Appeal No. 3489.**

Court of Customs and Patent Appeals.
May 27, 1935.

Martin T. Manion, of Wheeling, W. Va. (Chas. R. Allen, of Washington, D. C., of counsel), for appellant.

Walter C. Ross, of Springfield, Mass., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal relates to a trade-mark opposition proceeding in the United States Patent Office. The appellee, W. F. Young, Inc., filed opposition to the registration by the appellant, E. I. Runner Company, Inc., of the trade-mark "RōBENE." The appellee based its opposition upon its registered trade-marks involving the word "ABSORBINE" and the term "Absorbine Jr.," as follows:

No. 49,322, issued January 30, 1906, for "ABSORBINE" for liniments and embrocations.

No. 89,786, issued January 7, 1913, for "Absorbine Jr." for liniment.

No. 164,351, issued February 20, 1923, for "ABSORBINE" accompanied by the representation of a portion of the hind legs of a horse.

No. 279,015, issued January 6, 1931, for "ABSORBINE" for ointment.

The applicant for registration—appellant here—began the use of the trade-mark "RōBENE" in connection with the sale of liniment used for relieving pain in human beings in 1930, while the use of the word "ABSORBINE," in connection with the sale of liniments, dates back to 1891.

The word "RōBENE," according to the application for registration, is printed at an "angle of inclination" of about 30 degrees. Appellant states that the preparation on which the mark is used has been advertised extensively and in two and one-half years 90,000 bottles of the preparation have been sold. The advertising expense of "ABSORBINE" has exceeded a million dollars and sales are made throughout the world.

The Examiner of Interferences was of the opinion that the concurrent use in trade of the two marks in connection with the goods of the parties would not result in confusion, dismissed the opposition, and ruled that the applicant was entitled to the registration of the trade-mark "RōBENE." Upon appeal, the Commissioner of Patents held that the marks were so similar when used upon the goods of the respective parties that there was a "possibility" of confusion, and reversed the decision of the Examiner of Interferences and denied the applicant the right to register. From the decision of the Commissioner, appeal has been taken here.

It is not denied but that all the goods sold under all the marks involved are goods of the same descriptive properties. Some of appellee's goods are used as a liniment for animals. The ointment, sold under the name "ABSORBINE," is of the ordinary grease-paste form in tubes. The term "ABSORBINE OINTMENT" is printed at a slightly inclined angle across the length of the package containing the tube. It will be noticed that "RōBENE" is printed with a small "o" with a macron. The printing of the term "RōBENE" except as to the "ō" has, like the printing of the term "ABSORBINE," no distinctive features. "RōBENE" has all capital letters but one. The word "ABSORBINE" is all capital letters, while the only capital letters in "Absorbine Jr." are the initial letters of each word. The last syllable of each word "BENE" and "BINE" is pronounced with the same sound. The first syllable of the word "RōBENE" is pronounced with a long "o" as in "roe."

It is stated that "ABSORBINE" is a suggestive trade-mark and suggests the notion of absorption, and that "RōBENE" has a suggestion of "rubbing" or "rub-in."

It is our view that the trade-mark "RōBENE," as sought to be registered, is not confusingly similar in sound or appearance to either "ABSORBINE" or "Absorbine Jr.," and that the suggestion of the mark "RōBENE" is considerably different from that of the "ABSORBINE" marks. All the trade-marks are suggestive and since they are applied to goods used in the same general way, it is not surprising that both marks to some slight degree have a similar suggestive character.

In this court, it is pointed out that the marks of both parties are used on a fluid material which is very similar in appearance and quality, and is sold in bottles of the same shape and substantially of the same size; that appellant, as a part of its label printed with the mark, uses the following term: "A penetrating and massaging absorbent"; and that these features of appellant's labeling and advertising add to the confusion and indicate a disposition to profit by resulting confusion. Upon this

record we cannot see how this matter could be material here since the sole question presented by the record is: Does the mark of the applicant so nearly resemble appellee's marks as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers?

It seems to us that in selecting a suggestive trade-mark for its goods, which are almost identical with the goods of appellee, the appellant has used considerable caution and care. There is a difference in the suggestion of the marks, they have little similarity in sound, and there is a very great difference in their appearance.

It is apparent that any contention that the marks are confusingly similar is based upon the similarity of sound of the last syllable of each mark. The appearance of this part of the marks, however, is quite different and it can hardly be argued that the suggestion contained in these syllables would lead to confusion. As to the first syllable of the two marks, there is no similarity in either sound, appearance, or suggestion in the letters "Rō" and the letters "ABSOR."

Appellee has cited numerous decisions of this court in which trade-marks were held to be confusingly similar, as authority for its position that applicant's mark should not be registered. Among these authorities is the case of Simoniz Co. v. Permanizing Stations of America, Inc., 18 C. C. P. A. (Patents) 1374, 49 F.(2d) 846, involving the trade-marks "Permanize" and "Simoniz." That case would seem to come as near supporting appellee's contentions as any of the cases cited. In that case, however, the court said that the only material difference in the two marks was the first syllables "Si" and "Per." The suggestions of the two trade-marks there were quite different from those involved with the marks at bar, and we think that case is clearly distinguishable from the case at bar. The marks "Simoniz" and "Permanize" each contain three syllables, while "RōBENE" contains but two and "ABSORBINE" three, and there is more similarity in appearance of the words "Simoniz" and "Permanize" than exists between the words at bar.

We are inclined to the view that the Examiner of Interferences was fully justified in dismissing the opposition, and the decision of the Commissioner of Patents is reversed.

Reversed.